**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANIEL LONGORIA, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 14-cv-70-TLW ) |
| ARTUR KHACHATRYAN, an individual; SENTRY INSURANCE COMPANY, a foreign insurance company; HUSSAIN ABDULRLIDHA ALBANAWI, an individual; and BIG RIG AUTO TRANSPORT, INC., a foreign corporation; | ) ) ) ) ) ) ) ) |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is defendant Artur Khachatryan's Motion for Partial Summary Judgment. (Dkt. 55).

This case involves alleged injuries from a multi-vehicle accident. (Dkt. 19). Plaintiff's Amended Complaint alleges that two of the defendants – Khachatryan and Hussain Abdulrlidha Albanawi – failed "to operate their respective semi-truck [sic] at a speed safe for the road and weather conditions" and that this failure constituted "reckless disregard" for plaintiff's safety. Id. Khachatryan's motion asks the Court, on a pre-trial basis, to rule that plaintiff cannot seek punitive damages, arguing that "no evidence has been or can be presented to support the imposition of punitive damages against Khachatryan in this matter." Id. Defendants Albanawi and Big Rig Auto Transport, Inc.[1] have asked to join Khachatryan's motion. (Dkt. 62). Plaintiff

---

[1] In its Answer, Big Rig admitted that Albanawi was an employee of Big Rig acting within the scope of his employment at the time of the accident that is the subject of this litigation. (Dkt. 27).

has filed a response to both the motion for partial summary judgment and the motion for joinder. (R. 80, 82). Defendants Khachatryan and Albanawi/Big Rig have filed replies. (R. 86, 91).

## ANALYSIS

**Standard of Review**

Summary judgment is appropriate where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(a), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250.

In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. See Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**Joinder**

Plaintiff argues that Albanawi and Big Rig's joinder is untimely. (Dkt. 82). Plaintiff cites the Amended Scheduling Order (dkt. 52), which set the dispositive motion deadline on December 30, 2015. Albanawi and Big Rig filed their motion to join Khachatryan's motion for summary judgment on January 13, 2016. (Dkt. 62). Although the motion to join was untimely, the Court will exercise its discretion and grant the motion. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998) (discussing a district court's broad discretion to manage the litigation process).

**Punitive Damages**

Plaintiff's Amended Complaint bases its claim for punitive damages on allegations that defendants were driving their semi-trucks at speeds that evinced "reckless disregard" for plaintiff's safety. (Dkt. 19). Plaintiff's specific allegation is that defendants were "driving at an unsafe speed during rain" and that their speeds violated "state and federal motor carrier regulations." Id.

Oklahoma's punitive damages statute provides that punitive damages may be awarded in three situations. See Okla. Stat. tit. 23, § 9.1. Each category sets forth the amount of damages available based, in part, on the intent of the defendant. See id. In this case, the allegations of plaintiff's Amended Complaint place this case into Category I, which permits recovery of punitive damages "[w]here the jury finds by clear and convincing evidence that . . . [t]he

defendant has been guilty of reckless disregard for the rights of others."[2] Okla. Stat. tit. 23, § 9.1(B).

Oklahoma law provides that "[a] plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." Rodebush By and Through Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241, 1247 (Okla. 1993). In the context of a summary judgment motion, a claim for punitive damages fails if the underlying claim fails. See Bennett v. McKibben, 915 P.2d 400, 405 (Okla. Civ. App. 1996). It is not clear, however, whether the converse – that a claim for punitive damages always survives when summary judgment is denied on the underlying claim – is always true.

The Oklahoma Court of Civil Appeals has held that summary judgment on the issue of punitive damages was premature where summary judgment on a libel claim was not proper. See Nelson v. American Hometown Publishing, Inc., 333 P.3d 962, 974-75 (Okla. Civ. App. 2014). In Nelson, the court did not examine the quality of the evidence that would support punitive damages in remanding to allow the lower court to consider the issue. See id. Instead, the court set out the proper burden of proof for establishing punitive damages and stated that "[t]he issue of punitive damages must be addressed if Plaintiffs present sufficient evidence to meet the standard for their recovery." Id. at 975.

In addition, two decisions from other judges in this Court (both involving multi-vehicle semi-truck accidents like the one at issue in this case) indicate that where a genuine issue of

---

[2] Category II requires a finding of clear and convincing evidence that the defendant "acted intentionally and with malice towards others." Okla. Stat. tit. 23, § 9.1(C). Category III also requires clear and convincing evidence that the defendant "acted intentionally and with malice towards others" and imposes an additional requirement – that the "court finds that there is evidence beyond a reasonable doubt that the defendant acted intentionally and with malice and engaged in conduct life-threatening to humans." Okla. Stat. tit. 23, § 9.1(D).

material fact exists on the underlying claim, summary judgment on the question of punitive damages is not appropriate. See Laney v. Schneider Nat. Carriers, Inc., 2011 WL 1667434 (N.D. Okla. May 3, 2011) (unpublished); Cummings v. ConGlobal Indus., Inc., 2008 WL 4613817 (N.D. Okla. October 14, 2008) (unpublished). The Court notes, however, that in both Laney and Cummings, the plaintiffs had pled and presented evidence of bad behavior that, in a light most favorable to the nonmoving party, could rise to the level of reckless disregard. In Laney, there was evidence that the truck driver was speeding, was fatigued, had doctored his drivers' log, and was using his cell phone at the time of the accident. See 2011 WL 1667434 at *2, 3. In Cummings, there was evidence that the driver of the semi-truck was sleep deprived, had doctored his drivers' log, and had other, recent citations for traffic violations. See 2011 WL 4613817 at *2. These allegations are important, as they demonstrate behavior that could be considered reckless and should be contrasted with plaintiff's allegations, discussed *infra*.

Conversely, a judge in the Western District of Oklahoma, applying Oklahoma law, held that summary judgment on punitive damages is appropriate where the underlying facts were "barely sufficient to survive summary judgment on the substantive [] claim."[3] LeBlanc v. Travelers Home and Marine Ins. Co., 2011 WL 2748616 (W.D. Okla. July 13, 2011) (unpublished).

Accordingly, whether defendants are entitled to summary judgment on the question of punitive damages appears to be dependent on the facts of the case.

**Genuine Issue of Material Fact on the Issue of Reckless Disregard - Khachatryan**

In his motion for summary judgment, Khachatryan argues that he is entitled to summary judgment on the question of punitive damages because there is no evidence of reckless disregard

---

[3] Here, defendants have not moved for summary judgment on plaintiff's underlying claim.

that "has been or can be presented." (Dkt. 55). Khachatryan argues that plaintiff must present this evidence now and cannot "hope that something may turn up at trial to support such conduct." Id. In support of his motion, Khachatryan submitted his deposition testimony that he was stopped at the time of the accident and was struck from behind by another semi-truck. (Dkt. 19-2). To support his contention that plaintiff could not present evidence to support the allegation of reckless disregard, Khachatryan also attached plaintiff's deposition testimony that he did not see how the accident occurred. (Dkt. 19-1).

Assuming summary judgment may be granted on the issue of punitive damages, in opposing Khachatryan's motion, plaintiff "must set forth specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegations." Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1284 (10th Cir. 1988) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Plaintiff submitted the following evidence to establish that a genuine issue of material fact exists on the question of reckless disregard:

> 1. It was raining and there was standing water on the roadway. (Albanawi Deposition, dkt. 80-1). These conditions would increase stopping distance. (Khachatryan Deposition, dkt. 55-2).
>
> 2. Visibility was somewhere between 500 to 700 feet. (Albanawi Deposition, dkt. 80-1; Khachatryan Deposition, dkt. 55-2)
>
> 3. Albanawi testified at his deposition that he was driving in the left lane and was pulling up to pass alongside Khachatryan when Khachatryan put on his blinker and moved into the left lane in front of Albanawi. (Albanawi Deposition, dkt. 80-1). Albanawi testified that Khachatryan applied his brakes and stopped approximately twenty-five seconds after changing lanes. Id. Albanawi stated that he did not see brake lights but noted that Khachatryan had stopped when he was half a truck-length away. Id. Albanawi applied his brakes but could not avoid hitting Khachatryan. Id. Albanawi's testimony also indicates that he estimated Khachatryan was traveling at 48-49 miles per hour when he changed lanes and that 45-55 miles per hour was a reasonable speed given the conditions. Id.

   4. Additional testimony from Khachatryan's deposition indicates that after he changed lanes, he slowed to 20-25 miles per hour to try to avoid striking plaintiff's semi-truck because "I couldn't just stop suddenly." (Khachatryan Deposition, dkt. 55-2). Khachatryan stated that he put on his flashing lights as well. Id.

   5. At the time of the accident, plaintiff was pulling a refrigerated trailer containing a load of juice, which would also increase his stopping distance. Id.

   6. The California Commercial Driver Handbook, which Khachatryan studied when he obtained his license, states that wet roads "can double stopping distance" and recommends reducing speed by one-third of the posted speed limit when roads are wet. (Khachatryan Deposition, dkt. 80-1; dkt. 80-4). The Handbook also states that rain can impact stopping distance. (Dkt. 80-4).

   7. The OHP accident report includes an observation from the officer that there were no skid marks indicating that the trucks tried to stop. (Dkt. 80-5).

Based on these facts, plaintiff argues that improper speed "along with other circumstances" qualifies as substantial evidence to instruct a jury on the issue of punitive damages. Id. Plaintiff cites Morgan v. Bates, 390 P.2d 486, 488 (Okla. 1964), in which punitive damages were awarded based on evidence that a defendant was driving "ninety miles per hour, on a curve, after dark, trying to go around the second car ahead of him."

The case plaintiff cites is inapposite. In Morgan, the defendant's excessive speed in combination with the lighting and the presence of a curve was indicative of reckless disregard. In this case, when viewed in a light most favorable to plaintiff, the evidence indicates that Khachatryan was driving under the speed limit when he changed lanes, that he changed lanes leaving less than optimal distance between his vehicle and Albanawi's (who was behind him), that he came upon plaintiff's truck, which was stopped in the road due to an earlier accident, and that he either did not see plaintiff's truck or underestimated the required stopping distance.[4] Such evidence supports the notion that Khachatryan was either not paying attention or misjudged his

---

[4] Pursuant to the accident report, submitted as part of plaintiff's response to the motion for summary judgment, the speed limit on the turnpike is 75 m.p.h. (Dkt. 80-5).

stopping distance, either of which could support a finding of negligence. But this evidence also indicates that Khachatryan had at least considered the weather conditions and slowed his speed as a result.

The only evidence presented by plaintiff regarding Khachatryan's speed is the Handbook,[5] which recommends reducing speed by one-third. But even this evidence does not support recklessness in the context of this case. The speed limit was 75 m.p.h. The only evidence before the Court is that Khachatryan was driving at between 48 and 49 m.p.h. According to the Handbook, a proper speed would have been 49.5 m.p.h., indicating that Khachatryan's speed was not reckless.

The evidence is less clear on the issue of whether Khachatryan's decision to change lanes, by itself or in conjunction with his speed, evidences reckless disregard. Albanawi's deposition testimony indicates that Khachatryan had to begin braking less than thirty seconds after changing lanes in front of Albanawi, potentially leaving Albanawi with little warning that Khachatryan would be stopping, but still leaving him with sufficient time to slow his vehicle to provide the distance necessary when Khachatryan did stop. This evidence, thus, remains insufficient to create a genuine issue of material fact regarding reckless disregard.

However, the issue remains as to whether or not punitive damages is an appropriate subject for a summary judgment motion in the first instance. In this regard, the evidence is not "barely sufficient to survive summary judgment on the substantive [] claim[,]" as it was in LeBlanc. But the evidence of reckless disregard is also not present, as it was for the district court in Laney and Cummings.

---

[5] This analysis presumes, however, that the Handbook would be accepted as a treatise under Federal Rule of Evidence 803(18), and plaintiff makes no argument in support of that proposition.

The Oklahoma courts, which have considered this issue, have not clearly indicated that partial summary judgment under the facts in this case would be appropriate. Further, there is little danger of prejudice in waiting for the facts to be presented to the jury. A decision regarding a punitive damages instruction can be made at that time.

Based on the foregoing, the Court denies Khachatryan's motion for summary judgment but cautions the plaintiff that, without additional evidence that moves the evidentiary scale substantially in the direction of reckless behavior on the part of Khachatryan, the Court will not likely give a jury instruction on the issue of punitive damages.

**Genuine Issue of Material Fact on the Issue of Reckless Disregard – Albanawi and Big Rig**

With respect to defendants Albanawi and Big Rig, they have presented no evidence in support of their joinder in the motion for summary judgment, relying instead on Khachatryan's evidence. (Dkt. 62). The evidence attached to Khachatryan's motion for summary judgment addresses only his behavior and does not include any evidence of Albanawi's actions at the time of the accident. Accordingly, Albanawi and Big Rig have presented no evidence and have failed to meet their burden to establish that Albanawi's actions were not reckless. However, based on the evidence presented by plaintiff, the Court is equally dubious of any punitive damages claim against Albanawi and Big Rig, and at trial the burden of presenting sufficient evidence to warrant a punitive damages instruction will be on plaintiff. As with Khachatryan, in the absence of additional evidence which establishes reckless behavior on the part of Albanawi and Big Rig, the Court is not likely to instruct the jury on the issue of punitive damages.

## CONCLUSION

For these reasons, the Court DENIES Khachatryan's motion for partial summary judgment. (Dkt. 55). The Court also DENIES Albanawi's and Big Rig's motion for partial summary judgment. (Dkt. 62).

SO ORDERED this 26th day of September, 2016.

_____
T. Lane Wilson
United States Magistrate Judge